**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND and CATHERINE WENSKUS, not individually, but as Administrator of the Funds,<br><br>Plaintiffs,<br><br>v.<br><br>MIDWEST MILLING AND PAVING COMPANY, INC.<br><br>Defendant. | No. 20-cv-00908<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Several pension and welfare funds ("Plaintiffs") bring this action against Midwest Milling and Paving Company, Inc. ("Midwest") alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141 *et seq*. Midwest moved to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R. 19. For the following reasons, Midwest's motion is denied.

**Background**

Plaintiffs are three pension and welfare funds: the Laborers' Pension Fund; the Laborers' Welfare Fund of the Health and Welfare Department of the

1

Construction and General Laborers' District Council of Chicago and Vicinity; and the Chicago Laborers' District Council Retiree Health and Welfare Fund (together, the "funds"). *See* R. 1. The funds' administrator, Catherine Wenksus, is also a plaintiff. *Id.* ¶ 4. Ms. Wenksus is authorized to collect employer contributions and union dues that are owed to the funds. *Id.*

Midwest is a milling and paving company in Illinois, and a party to a collective bargaining agreement with the Construction and General Laborers' District Council of Chicago and Vicinity Laborers' Union (such agreement, the "CBA," and such union, the "Union"). *Id.* ¶¶ 5-6. The CBA, which Plaintiffs attached to their complaint, went into effect on January 1, 2015. *Id.* According to Plaintiffs, the CBA (and other similar agreements) requires Midwest to submit books and records to the funds whenever the funds conduct an audit. *Id.* ¶ 8. Plaintiffs allege that Midwest has failed to submit books and records for an audit covering the period from January 1, 2016 onward, thereby depriving the funds of necessary information and income. *Id.* ¶ 10. Plaintiffs seem to further allege that Midwest has failed to obtain and maintain a surety bond, as the CBA requires. *See id.* ¶¶ 9, 12(c).

Plaintiffs purport to bring claims against Midwest under Sections 515 and 502(g)(2) of ERISA and Section 301 of the LMRA. The first claim seeks among other things an order requiring Midwest to submit its books and records for the audit and pay delinquent contributions to the funds, *id.* ¶ 12, while the second claim seeks any unpaid Union dues that the audit might uncover, as well as liquidated damages, audit costs, attorneys' fees, and more, *see id.* ¶ 17.

2

Midwest moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). R. 19.

**Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject-matter jurisdiction. "The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion." *Bolden v. Wells Fargo Bank, N.A.*, 2014 WL 6461690, at *2 (N.D. Ill. Nov. 18, 2014) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009)). "If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiffs favor." *Bolden*, 2014 WL 6461690, at *2 (citing *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003)). A factual challenge to the court's subject-matter jurisdiction, on the other hand, is based on the assertion that "the complaint is formally sufficient but . . . there is in fact no subject matter jurisdiction." *United Phosphorus*, 322 F.3d at 946 (emphasis in original). When considering a factual challenge to the court's jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007)).

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Analysis

### I. Dismissal Pursuant to Rule 12(b)(1)

Midwest argues that the complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. In so arguing, Midwest contends that the complaint is "frivolous" and contains allegations that are "patently false,"

including the allegation that no audit has occurred. R. 19 ¶¶ 22-23, 25-26. Midwest attempts to support these assertions by submitting several emails and letters between representatives for Midwest and the funds. *See id.* at 19-35. According to Midwest, the correspondence shows that the Court cannot have subject-matter jurisdiction over a complaint so lacking in merit.

Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). District courts have original jurisdiction over cases concerning a "federal question," that is, cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As such, a plaintiff can properly invoke federal question jurisdiction when "his own cause of action shows that it" arises under federal law. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). A plaintiff bears this burden, but "the bar is low." *McCoy v. Iberdrola Renewables, Inc.,* 760 F.3d 674, 681 (7th Cir. 2014). Even if a federal claim fails to state a cause of action, the district court retains jurisdiction to say so. *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

Nevertheless, "[t]he Supreme Court has repeatedly held that 'federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)). This "substantiality doctrine" requires a district court to "conduct an initial review of the face of the complaint to determine whether the merits are sufficiently substantial to engage the subject-matter jurisdiction of the court."

*Gammon,* 27 F.3d at 1256 (citing *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1180-82 (7th Cir. 1989)). For a claim to merit dismissal under the substantiality doctrine, it must be "'wholly insubstantial,' or 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'" *Gammon*, 27 F.3d at 1256 (citing *Hagans*, 415 U.S. at 537). In other words, for the court to lack jurisdiction, the claim at issue must be "abysmally unmeritorious." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 280 n.3 (7th Cir. 2020). Accordingly, a court is not deprived of jurisdiction so long as "there is any foundation of plausibility to the federal claim." *Restoration Risk Retention Grp., Inc. v. Gutierrez*, 880 F.3d 339, 347 (7th Cir. 2018) (internal citations omitted). "[O]nly the most extreme cases" warrant dismissal under the substantiality doctrine. *LaSalle Nat'l Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 143 (7th Cir. 1996).

This is not one of those cases. While the complaint is thin on details, it alleges that Midwest is a party to the CBA, has failed to share books and records for an audit as the CBA requires, and owes delinquent contributions to the funds. *See* R. 1 ¶¶ 10-12, 17. The complaint is purportedly brought under Section 301 of the LMRA and Section 502(g)(2) of ERISA, which allow courts to hear contract disputes between employers and labor unions (in this case, the CBA), and award unpaid contributions to welfare and pension plans, respectively. Plaintiffs could have included additional allegations to strengthen their complaint, but those that are included "are not so wholly without legal foundation as to fail the test for substantiality." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 587 (7th Cir. 2017). That is especially so where, as here, Midwest has not cited any caselaw to the contrary. *See Hagans*,

415 U.S. at 538 (a claim is insubstantial if "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy") (internal citation omitted).

The emails and letters attached to Midwest's Rule 12(b)(1) motion do not change this conclusion. According to Midwest, the correspondence demonstrates that Plaintiffs' claims are frivolous. But for purposes of determining subject-matter jurisdiction, the Court disagrees. As best the Court can tell, the correspondence simply shows a disagreement between the parties as to what records must be turned over by Midwest pursuant to the audit. *See* R. 19 at 32-35. And in any event, neither the correspondence nor Midwest's motion cites any caselaw that forecloses Plaintiffs' specific claims.

Lastly, the Court does not agree with Midwest's assertion that the complaint falsely alleges that no audit has occurred. *See* R. 19 ¶ 25. The complaint states that Midwest has failed to submit books and records in connection with the audit and owes the funds delinquent contributions. *See* R. 1 ¶¶ 10-12, 17. That is different from stating that no audit has occurred at all, and Midwest has not provided any reason to conclude otherwise.

For these reasons, the Court denies Midwest's motion to dismiss for lack of subject-matter jurisdiction.

**II. Dismissal Pursuant to Rule 12(b)(6)**

Beyond moving to dismiss under Rule 12(b)(1), Midwest also moves for dismissal under Rule 12(b)(6) for failure to state a claim. Midwest argues that the Court should grant its motion because there are no allegations in the complaint explaining "how, when, or why" Midwest failed to submit books and records. *See* R. 19 ¶¶ 27-31. But under Rule 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And while that statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests," detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. To be sure, not all complaints need only contain a short and plain statement. When a plaintiff alleges fraud or mistake, Rule 9(b) requires the party to "state with particularity the circumstances surrounding fraud or mistake." Fed. R. Civ. P. 9(b); *see also United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) ("particularity ... means the who, what, when, where, and how"). But nothing in the complaint suggests that Plaintiffs' claims sound in fraud or that Rule 9(b) should otherwise apply here. *See Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 748-49 (7th Cir. 2005) (explaining that the heightened pleading standard is meant to act "as a screen against spurious fraud claims" and "to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual"). Midwest's lack of particularity argument is therefore unavailing.

Midwest argues next that the complaint should be dismissed because Midwest has "fully complied" with Plaintiffs' audit requests, pointing to the emails and letters between representatives for Midwest and the funds that are attached to the motion. *See* R. 19 ¶¶ 35-36; *Id.* at pp. 19-35. But a court may review documents attached to a motion to dismiss without converting it to a motion for summary judgment only if those documents are "referred to in the plaintiff's complaint and [ ] central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos. Inc.,* 29 F.3d 1244, 1248 (7th Cir. 1994)). No part of the complaint or the CBA attached thereto mentions these emails or letters; in fact, no part of the complaint or CBA mentions correspondence of any kind.[1] The Court therefore declines to consider the emails and letters here.

The final problem with Midwest's argument is that whether it has "fully complied" with the funds' requests is a factual question that cannot be resolved on a motion to dismiss. Whereas a motion for summary judgment allows a court to consider documentary evidence and review factual disputes, a motion brought under Rule 12(b)(6) confines the court to a narrower question: whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiffs' complaint does so here. As stated, the complaint alleges that Midwest is a party to a CBA, has failed to share

---

[1] In an effort to rebut the emails and letters, Plaintiffs attached several exhibits to their opposition brief. *See* R. 26-1. But because the Court declines to treat Midwest's motion as one for summary judgment, Plaintiffs' exhibits have not been considered at this stage in the proceedings as it concerns the Rule 12(b)(6) motion.

9

books and records for the audit, and owes the funds delinquent contributions. These allegations may be minimal, but they are enough for the Court to conclude that Plaintiffs have stated plausible claims for relief under ERISA and the LMRA.

## Conclusion

For the foregoing reasons, Midwest's motion to dismiss Plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6), R. 19, is denied. A status hearing is set for March 4, 2021 at 9:00 AM. The parties should meet and confer regarding a proposed discovery schedule, and file that schedule seven days in advance of the hearing. Midwest's motion requesting deferral of the initial discovery response deadline pending resolution of the motion to dismiss, R. 21, is denied as moot.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: January 28, 2021